IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: _____

JORGE NIEVES,

    Plaintiff,

vs.

DONARRA XT, LLC,
a Foreign Limited Liability Company,

    Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, JORGE NIEVES, sues Defendant, DONARRA XT, LLC, and shows:

### Introduction

1. This is an action by JORGE NIEVES against his former employer for unpaid overtime and unpaid commissions pursuant to the Fair Labor Standards Act and Florida Statutes Chapter 448. Plaintiff seeks damages, costs, and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, as well as Florida Statutes § 448.08. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

1

3. The claim arose within the Middle District of Florida, which is where venue is proper.

## Parties

4. Plaintiff, JORGE NIEVES, (hereinafter "NIEVES" or "Plaintiff") a resident of and domiciled in Dunnellon, Florida, was at all times material, employed by DONARRA XT, LLC, in various capacities, including as a customer service representative, sales support personnel, quality control personnel, and inventory census personnel, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with DONARRA XT, LLC, was engaged in interstate commerce or in the production of goods for commerce.

5. Specifically, NIEVES was involved in the manufacturing, handling, sale, and shipment of plastic sheets to locations inside and outside of Florida.

6. Defendant, DONARRA XT, LLC (hereinafter, "XT"), is a foreign limited liability company doing business in Marion County, Florida, and is an enterprise engaged in an industry affecting commerce by manufacturing, selling, and shipping plastic sheets to locations inside and outside of Florida, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1) which has at least two employees subject to the provisions of the FLSA, 29 U.S.C. §§ 207 in the offices where NIEVES was employed.

7. Upon information and belief, XT is an enterprise with an annual gross volume of sales made or business done of not less than $500,000.00.

## General Allegations

8. In April of 2022, Plaintiff was hired by XT as a Sales Support and Customer Service Representative making $22.00 per hour.

9. Plaintiff regularly worked for XT in excess of 40 hours a week without receiving overtime compensation at time and one half of his regular rate for hours over 40.

10. While employed with XT, Plaintiff entered into a written agreement with management wherein it was agreed that Plaintiff would begin earning commissions on any sales he closed in his role as customer service representative.

11. Plaintiff offered XT an agreement for Plaintiff to earn 3% commissions on the gross sale amount of any new sales he made. Once the account aged one year, the agreement called for a 1% commission thereafter.

12. XT accepted this offer.

13. XT, throughout Plaintiff's employment, failed to fully pay him for all wages and commissions that were earned and owed.

14. Plaintiff performed all necessary duties that would qualify him to receive his earned commissions but has not been paid the same, in breach of the parties' agreement.

15. Plaintiff separated from his employment with XT in January 2023.

### Count I – Violation of FLSA by DONARRA XT, LLC – Overtime

16. Plaintiff, JORGE NIEVES, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 15 above.

17. Since April 2022 up to and including January 2023, XT has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically NIEVES, since April 2022, has worked in excess of 40 hours a week nearly every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

18. The failure to pay overtime compensation to NIEVES is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee, or in the alternative, if NIEVES was exempt, XT's actions and/or conduct have effectively removed any exemption that may have applied to NIEVES.

19. XT's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and NIEVES' status as non-exempt, but chose not to pay him in accordance with the Act.

20. NIEVES is entitled pursuant to 29 U.S.C. § 216(b), to recover from XT:

   a. All unpaid overtime that is due;

   b. As liquidated damages, an amount equal to the unpaid overtime owed;

   c. The costs of this action, and;

   d. A reasonable attorney's fee.

21. WHEREFORE, Plaintiff, JORGE NIEVES, prays that this court will grant judgment against DONARRA XT, LLC:

   a. awarding NIEVES payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

   b. awarding NIEVES an additional equal amount as liquidated damages;

   c. awarding NIEVES his costs, including a reasonable attorney's fee; and

   d. granting such other and further relief as is just.

### Count II – Breach of Contract against Defendant DONARRA XT, LLC
### (Unpaid Commissions)

22. Plaintiff, JORGE NIEVES, realleges the allegations in paragraphs 1 through 15, as if fully set forth in Count II of Plaintiff's Complaint.

23. Plaintiff offered, and XT accepted, a contract to be paid a percentage commission on sales made during his employment.

24. Defendant XT's failure to pay Plaintiff the agreed upon commissions amounts to a breach of contract.

25. As a result of Defendant's breach, Plaintiff has incurred general damages and is entitled to recover the unpaid commissions, as well as prejudgment interest to partially compensate him for the loss of use of the funds that were due.

26. WHEREFORE, Plaintiff requests judgment against Defendant DONARRA XT, LLC for his unpaid commissions and other damages, together with costs of suit and reasonable attorney fees, and such other and further relief as the court may deem proper.

### Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Dated: March 28, 2023
Plantation, Florida

Respectfully submitted,

*/s/ Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: Rob@floridawagelaw.com
James A. Peterson, Esq. (Fla Bar No. 645621)
E-Mail: James@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 NW 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for Plaintiff NIEVES