IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 5:23-cv-00205-JSM-PRL

JORGE NIEVES,

    Plaintiff/Counter-Defendant,

vs.

DONARRA XT, LLC,
a Foreign Limited Liability Company,

    Defendant/Counter-Plaintiff.
_____/

**<u>JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND
DISMISSAL OF ACTION WITH PREJUDICE
AND INCORPORATED MEMORANDUM OF LAW</u>**

Plaintiff, JORGE NIEVES ("Plaintiff") and Defendant, DONARRA XT, LLC (collectively "the Parties"), by and through their respective undersigned attorneys jointly move this Honorable Court to approve the settlement reached by the Parties and to dismiss the instant action *with prejudice*. In support thereof, the parties state as follows:

1. This action originated on March 28, 2023 when Plaintiff filed his Complaint (ECF No. 1) against Defendant seeking unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 207, *et seq.* (the "FLSA").[1]

2. Defendant denies any violations or wrongdoing as alleged in Plaintiff's Complaint.

3. Thanks to informal discussions between counsel for the Parties, the Parties have come to a mutually agreeable resolution of this matter.

4. The parties have reduced their agreement to writing and now seek approval of the settlement from the Court.

5. The terms of the settlement are set forth more fully in the FLSA Settlement Agreement and Wage Release (hereinafter "Settlement Agreement" or "Agreement") attached hereto and incorporated herein as ***Exhibit A***. The resolution agreed to by the parties calls for $4,400.00 to be paid to Plaintiff under his FLSA claim. This amount represents $2,200.00 in overtime compensation and $2,200.00 in liquidated damages.

---

[1] Plaintiff also brought a claim for breach of contract in the form of unpaid commissions. Defendant, as part of its answer, brought counterclaims for tortious interference with a business relations, breach of fiduciary duty, and misappropriation of trade secrets. Each of these allegations, which are specifically denied by the opposing party, have been resolved. These allegations are not subject to judicial approval under the FLSA and have been addressed in a separate agreement by the Parties.

6. As detailed in the Settlement Agreement, in accordance with the standards set forth in *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982) and its progeny, the parties negotiated a fair and reasonable resolution of a bona fide dispute in settlement of the FLSA claims, including liquidated damages.

7. When determining whether a settlement is fair and reasonable, the Court should consider the following factors: 1) the existence of collusion behind the settlement; 2) the complexity, expense, and likely duration of the litigation; 3) the stage of the proceedings and the amount of discovery completed; 4) the probability of plaintiff's success on the merits; 5) the range of possible recovery; and 6) the opinions of counsel. See *Mason v. Wyndham Vacation Ownership, Inc.*, No. 6:10-cv-1805-Orl-35GJK, 2012 U.S. Dist. LEXIS 21759 at *3 (M.D. Fla. Feb. 17, 2012).

8. NO COLLUSION. This matter was a contested claim between the Plaintiff and Defendant with each side represented by competent counsel. The parties debated various key legal points during the case and during settlement negotiations as outlined below and ultimately came to a resolution that all parties agree is fair.

9. COMPLEXITY, EXPENSE, AND LIKELY DURATION. While the complexity of Plaintiff's overtime claim is relatively low, the expense of litigation, including mounting attorney's fees and costs on both sides, meant a resolution earlier rather than later was beneficial to all sides. Additionally, due to the nature of the

claims, disputes regarding log in and log out times for Plaintiff, and the anticipated testimony of Plaintiff and employees for Defendant surrounding the number of hours worked by Plaintiff, a jury trial likely would have been necessary in March 2025.

10. STAGE OF THE PROCEEDINGS AND DISCOVERY COMPLETED. Written discovery had been propounded by both sides. Plaintiff responded to Defendant's discovery requests. Defendant produced some documents to Plaintiff outside of discovery, and requested an extension to respond to Plaintiff's requests. During this process, counsel for the Parties conferred to discuss the existence or lack thereof of official log in and log out times for Plaintiff's work schedule, and disagreed as to the meaning of the records that do exist.

This is in addition to the usual pre-suit investigation and interviewing conducted by Plaintiff's counsel, the drafting of the initial complaint and other documents, communications with Plaintiff, co-counsel, and Defendant's counsel, drafting discovery served on Defendant, drafting responses to Defendant's discovery, partaking in various settlement negotiation communications, and preparation of the appropriate documents to finalize settlement, including the Agreement and this motion.

11. PROBABILITY OF PLAINTIFF'S SUCCESS ON THE MERITS. Defendant's counsel maintains that Plaintiff had an uphill battle proving the number of hours he worked. In light of the disputes regarding Plaintiff's log in and log out

times, Plaintiff would have needed to rely on GPS records showing his proximity to Defendant's office, and his own verbal testimony. Defendant likely would have provided conflicting verbal testimony of various employees.

A jury would likely have been needed to weigh the evidence relating to the actual number of hours Plaintiff worked more than 40 per week, making the outcome and Plaintiff's chances of success uncertain. This reality was explained to Plaintiff throughout the settlement process, during which Plaintiff ultimately decided that a reduced recovery was better than no recovery.

12. RANGE OF POSSIBLE RECOVERY. Plaintiff, based solely on his own memory and estimated weekly hours worked on average, estimated that he is owed $4,400.00 in overtime pay, not including liquidated damages.

As mentioned in Paragraph 11 above, Plaintiff's likely recovery was uncertain. He may have recovered nothing at all if this Court or a jury found that he failed to prove that he worked any overtime hours at all. Or a jury could find a substantially reduced number of overtime hours worked versus the number of hours Plaintiff claims he worked.

With so many potential roadblocks to an estimated full recovery, Plaintiff believes accepting a settlement for 50% of his initial estimate is wise.

13. OPINIONS OF COUNSEL. Both parties' counsel feel the settlement is fair. Plaintiff is recovering $4,400.00 in wages and liquidated damages. Plaintiff

estimated he is owed $4,400.00 in overtime wages not including liquidated damages, making Plaintiff's recovery 50% of that total when factoring in liquidated damages. Plaintiff believes this is a fair compromise given the uncertainty and expense of litigation. While Defendant denies Plaintiff's allegations and estimates, Defendant prefers to finalize the matter rather than face the uncertainty of prolonged litigation.

14.     Plaintiff will recover his attorney's fees and costs in the amount of $8,457.00 which represents $457.00 in court costs and $8,000.00 in attorney's fees. The Plaintiff's attorneys' hourly rates are $375.00 per hour for James A. Peterson, Esq. and $425.00 per hour for Robert S. Norell, Esq. The Plaintiff's attorneys have approximately 35.0 hours on this matter at Mr. Peterson's hourly rate of $375.00, totaling $13,125.00.[2] Accordingly, the amount allocated to Plaintiff for reasonable attorney's fees and costs are supported by the actual time and expense that has been incurred. See the Declaration of James A. Peterson attached hereto as ***Exhibit B***.

15.     The Parties request the Court retain jurisdiction of this action for forty-five (45) days to enforce the terms of the settlement agreement.

WHEREFORE, the parties request the Court enter an Order approving the attached Settlement Agreement as fair and reasonable, retaining jurisdiction of this

---

[2] These amounts represent only time spent on activities involving Plaintiff's FLSA overtime claim. Any time spent on activities only involving Plaintiff's commissions claim or Defendant's counterclaims have not been included in these calculations.

action for forty-five (45) days to enforce its terms, and dismissing this action with prejudice.

Respectfully submitted on August 27, 2024,

/s/ *James A. Peterson*
James A. Peterson, Esq.
Fla. Bar No. 645621
E-Mail: James@floridawagelaw.com
**ROBERT S. NORELL, P.A**.
300 N.W. 70th Avenue
Suite 305
Plantation, FL 33317
Tel.: (954) 617-6017
Fax: (954) 617-6018
*Counsel for Plaintiff*

/s/ *Alina Fernandez*
Geremy W. Gregory, Esq.
Florida Bar No. 102645
E-Mail: ggregory@balch.com
Alina Fernandez, Esq.
Florida Bar No. 1018253
E-Mail: afernandez@balch.com
**BALCH & BINGHAM LLP**
50 N Laura St, Suite 2100
Jacksonville, FL 32202
Telephone: (904) 348-6875
Facsimile: (866) 501-9968
*Counsel for Defendant*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served in the manner indicated below on August 27, 2024 on all counsel or parties of record appearing on the Service List below.

By:     s/*James A. Peterson*
        James A. Peterson, Esq.

## SERVICE LIST

CASE No.: 5:23-cv-00205-JSM-PRL

| | |
|---|---|
| James A. Peterson, Esq.<br>E-Mail: James@floridawagelaw.com<br>Robert S. Norell, Esq.<br>E-Mail: Rob@floridawagelaw.com<br>ROBERT S. NORELL, P.A.<br>300 N.W. 70th Avenue<br>Suite 305<br>Plantation, Florida 33317<br>Telephone: (954) 617-6017<br>*Counsel for Plaintiff* | Geremy W. Gregory<br>Email: ggregory@balch.com<br>BALCH & BINGHAM LLP<br>One Independent Drive<br>Suite 1800<br>Jacksonville, Florida 32202<br>Telephone: (904) 348-6875<br>Facsimile: (866) 501-9968<br>*Counsel for Defendant*<br>Method of Service: CM/ECF |

8